UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GUY SHELTON,

        Petitioner,

                                          File No. 2:16-cv-104

v.

                                          HON. ROBERT HOLMES BELL

DUNCAN MACLAREN,

        Respondent.
_____/

**O P I N I O N**

On June 23, 2016, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Petitioner Guy Shelton's 28 U.S.C. § 2254 petition be denied because it is barred by the statute of limitations (ECF No. 4). Petitioner filed timely objections to the R&R (ECF No. 6). For the reasons that follow, Petitioner's objections will be granted and the R&R will be rejected. However, the petition will be dismissed without prejudice for lack of exhaustion.

**I. Standard of Review**

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## II. Statute of Limitations

The magistrate judge determined that the applicable statute of limitations is 28 U.S.C. § 2244(d)(1)(A), which requires that the petition be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id.* Relying on statements in the petition, the magistrate judge found that Petitioner did not appeal his February 7, 2014 conviction. Consequently, according to the magistrate judge, the judgment of sentence and conviction became final six months later, when the time for filing an appeal to the Michigan Court of Appeals expired.

Petitioner objects that he did, in fact, appeal his conviction to both the Michigan Court of Appeals and the Michigan Supreme Court. Indeed, according to the record of his proceedings in the Michigan appellate courts,[1] he filed an appeal and the Michigan Court of Appeals affirmed the trial court's judgment on July 9, 2015. Petitioner subsequently appealed to the Michigan Supreme Court, which denied leave to appeal on February 2, 2016, because it was not persuaded that the questions presented should be reviewed by that Court. There is no indication that Petitioner appealed that decision by filing a petition for writ of certiorari with the United States Supreme Court. Consequently, the state court's judgment of conviction became final 90 days after February 2, 2016, when the time for filing an appeal to the Supreme Court expired. In other words, the judgment became final on May 2, 2016.

---

[1] http://courts.mi.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=321051&CourtType_CaseNumber=2 (visited July 8, 2016).

Petitioner's habeas petition is not untimely because the one-year deadline under § 2244(d)(1) does not expire until May 2, 2017. Thus, the Court will grant Petitioner's objections and reject the recommendation of the magistrate judge.

### III. Exhaustion

Although the petition is timely, it is subject to dismissal for another reason. Petitioner has not presented his claims in state court. Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). He has not satisfied this burden. Petitioner alleges in his petition that he did not raise his claims on direct appeal or in a motion for relief from judgment. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

In order to properly exhaust his claims, Petitioner must file a motion for relief from judgment in the Grand Traverse County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions with unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust their remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, dismissal without prejudice can effectively preclude future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit

adopted a stay-and-abeyance procedure to be applied to petitions that are not fully exhausted. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). The *Palmer* Court indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period. As indicated above, he has until May 2, 2017, to file his federal habeas corpus petition. Assuming that Petitioner diligently pursues a motion for relief from judgment and promptly returns to this Court after the Michigan Supreme Court issues a decision on appeal, he is not in danger of

running afoul of the statute of limitations.[2] Therefore, a stay of these proceedings is not warranted. The petition will be dismissed without prejudice.

## IV. Other Motions

Petitioner has also filed a motion to proceed *in forma pauperis* and a motion for appointment of counsel. The motion to proceed *in forma pauperis* is moot because Petitioner paid the $5.00 filing fee. Consequently, the motion will be denied. The motion for appointment of counsel is also moot because this action will be dismissed. Thus, the latter motion will also be denied.

## V. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

---

[2]The statute of limitations will be tolled while his motion is pending in state court. The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of the motion until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a petitioner petitions for a writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

This Court will dismiss Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court will deny Petitioner a certificate of appealability.

An order and judgment consistent with this Opinion will be entered.


Dated: July 12, 2016                              /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE